**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-41053**
**Summary Calendar**

_____

**DIONEL DE LA CRUZ,**

**Plaintiff-Appellant,**

**v.**

**LOWER RIO GRANDE VALLEY DEVELOPMENT COUNCIL,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court for the**
**Southern District of Texas**
**Lower Court M-98-CV-128**

August 28, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Dionel de la Cruz, proceeding pro se and in forma pauperis, appeals the district court's grant of summary judgment in favor of his former employer, the Lower Rio Grande Valley Development Council (the "Council"). The district court dismissed de la Cruz's claims of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. De la Cruz argues that his supervisors at the Council discriminated against him and in favor of female employees in the following matters: denying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him a pay increase after he completed an introductory review period; denying him promotions to several positions with the Council; retaliating against and defaming him after he resigned his position with the Council; constructively discharging him; denying him pay for hours worked; giving him a low performance evaluation; and denying him per diem expenses for an out-of-town training program.

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). The burden-shifting scheme of McDonnell Douglas is well known. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The plaintiff must make a prima facie case to support a claim of discrimination by showing that: (1) the plaintiff is a member of a protected class, (2) he was qualified for the position in question, (3) he suffered an adverse employment action, and (4) others similarly situated were more favorably treated. Once that showing has been made, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the employment action. See McDonnell Douglas, 411 U.S. at 802-03. The burden of production, however, remains at all times with the plaintiff.

After reviewing the briefs, we agree with the district court that the Plaintiff has not met his burden of production here.

First, the Council successfully demonstrated that they had a legitimate, non-discriminatory reason for treating de la Cruz differently with respect to his lack of a pay increase upon completion of his introductory review period.

De la Cruz's appellate contentions with respect to his remaining claims are conclusional.  He fails to refer to the record on appeal or cite legal authority for most of his claims.  His brief is so inadequate with regard to his denial-of-promotions claims that they must be deemed abandoned.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).  In any event, the Council presented sufficient evidence to demonstrate that de la Cruz was not discriminated against with respect to job promotions, as the women who were awarded the positions in question were more qualified than he.  De la Cruz's claims regarding denial-of-pay, retaliation and constructive discharge have been and remain similarly conclusional.

Finally, de la Cruz failed to demonstrate that he was given a low performance evaluation and denied travel expenses as a result of discriminatory motives.  No genuine issue of material fact exists with respect to these claims.  See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

After conducting a de novo review of the record and the parties' briefs, we perceive no reversible error in the district court's decision.  See EEOC v. Texas Instruments, Inc., 100 F.3d

1173, 1179 (5th Cir. 1996).  Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.